**STATE of Missouri, Respondent,**

v.

**Michael COLLINS, Appellant.**

**Michael COLLINS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65899, 68183.

Missouri Court of Appeals,
Eastern District,
Division 1.

April 23, 1996.

David Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Michael Collins appeals a twelve year sentence as a prior and persistent offender following a jury trial. He was charged with robbery second degree (Count I) and attempted kidnapping (Count II). The jury found him guilty of robbery second degree, but acquitted him of attempted kidnapping. He abandoned his Rule 29.15 motion for post conviction relief which was denied after an evidentiary hearing. We affirm.

Collins' sole point on appeal challenges the trial court submitting to the jury MAI–CR3d 312.10, the so-called "hammer" instruction. As a result, he claims the verdict was coerced.

This point has not been preserved for appellate review because defense counsel failed to raise an objection at trial and did not address this point in his motion for new trial. Thus, our review is limited to plain error pursuant to Rule 30.20. The "hammer" instruction may be given when the court believes the jury may be deadlocked based on the length of deliberation or communication from the jury. Notes on Use, MAI–CR3d 312.10, paragraph 2 (1990). The instruction submitted to the jury read:

> You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he does not believe beyond a reasonable doubt to be true.

After closing arguments the court submitted the case to the jury at 12:08 p.m. At about 4:17 p.m. the foreman returned with a note saying, "Count II is not guilty. Eight guilty, four not guilty. Count II we are stuck!" Neither the court nor the attorneys were clear on whether the jury meant they were "stuck" on Count I, Robbery, or Count II, Kidnapping. At 4:26 p.m. the court brought the jury back into the courtroom to determine which count the note referred to. The jury was "stuck" on Count I, but found Collins not guilty of Count II. The court then asked the foreman "Do you feel you have discussed this thoroughly. You feel there is no way you can reach a verdict on the other count?" The foreman responded "I wouldn't say there is no way." The court then gave the hammer instruction at 4:29 p.m. At 5:25 p.m., the jury returned a guilty verdict on Count I.

Collins relies on *State v. McNail,* 767 S.W.2d 84 (Mo.App.1989). *McNail* did not involve MAI–CR3d 312.10. Rather, the jury returned a guilty verdict after eight hours of deliberation, and after they informed the court twice that they were deadlocked. *Id.* at 86. Our court held the verdict must be set aside because it was coerced where the "totality of the circumstances" directed the jury to return a guilty verdict. *Id.*

We find the case at bar is factually similar to *State v. Broadux,* 618 S.W.2d 649 (Mo.

banc 1981). In *Broadux*, the trial court received a note from the jury disclosing the numerical split and the position of the majority. *Broadux*, 618 S.W.2d at 651. The trial court subsequently gave the jury the hammer instruction. *Id.* Nevertheless, the Missouri Supreme Court held the trial court did not abuse its discretion by giving the hammer instruction after receiving "voluntary, unsolicited information" from the jury. *Id.* at 652.

If the hammer instruction was not preserved error in *Broadux*, it certainly is not plain error in this case. We are bound by the decision in *Broadux*. The trial court did not plainly err in giving the hammer instruction after the jury on its own initiative informed the court of the numerical split and the position of the majority.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.