STATE of Missouri, Respondent,

v.

Clayton E. VAUGHN, Appellant.

No. 22976.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 11, 2000.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Chief Judge.

Clayton E. Vaughn ("Appellant") was convicted of forcible rape after a jury trial.

§ 566.030, RSMo 1994.[1] The Circuit Court of Texas County sentenced him to ten years in the custody of the Missouri Department of Corrections. In his appeal, Appellant raises two points of trial court error. He first claims that the trial court plainly erred and abused its discretion by not *sua sponte* preventing the prosecutor from "vouching" for the credibility of the victim during closing arguments. Secondly, Appellant maintains that the trial judge plainly erred when he declared, during Appellant's sentencing, that he could not reduce Appellant's sentence below the jury's recommendation. We remand the case for resentencing pursuant to Rule 29.05 and section 557.036, RSMo Cum. Supp.1996.[2]

 The sufficiency of the evidence to support the conviction is not in dispute, therefore, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict. *State v. Kelley*, 945 S.W.2d 611, 613 (Mo.App. 1997). Questions of credibility of a witness and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury. *State v. Davis*, 903 S.W.2d 930, 934 (Mo.App.1995). Therefore, it is within the jury's province to believe all, some, or none of any witness's testimony in arriving at a verdict. *Id.*; *see also State v. Berry*, 916 S.W.2d 389, 399 (Mo. App.1996).

Viewed from this perspective, the evidence shows that on July 17, 1996, the victim, S.B., was home alone cleaning some electric fans in her kitchen when Appellant, her brother-in-law, appeared unexpectedly. He entered the house and the two conversed briefly. S.B., who had continued cleaning the fans, at some point turned around and saw Appellant standing near her naked. Appellant grabbed her and attempted to take her through the kitchen doorway into the dining room. A struggle ensued. S.B. attempted to hit Appellant with a plastic lawn chair.[3] Appellant eventually prevailed in the fracas and managed to remove S.B.'s shorts and underwear and throw her on the kitchen floor where he proceeded to have sexual intercourse with her, despite her protestations to the contrary. After terminating sexual intercourse, Appellant commenced choking the victim, but she begged him to stop and said "My God, think of [S.B.'s sister]...." Appellant then stopped and S.B. fled out the door wearing nothing but a shirt over her torso. She ran to her neighbor's house and was later taken to a hospital where a general physical and pelvic exam of S.B. was performed by a Dr. Elders utilizing a "sexual assault kit." The physician's examination revealed that S.B. had a reddened area around her neck and a scratch mark below her right breast, together with multiple reddened areas on her chest, right arm and right leg. She also had fresh bruises on her right thigh and an abrasion with slight bleeding about her vaginal entrance on her right side. All these abrasions and scratches appeared to have been fresh or recently incurred. Additionally, multiple "petechial-type" hemorrhages were found around the vaginal vault, together with a small amount of

---

1. **Forcible rape and attempted forcible rape, penalties.**

 1. A person commits the crime of forcible rape if he has sexual intercourse with another person by the use of forcible compulsion.

 2. Forcible rape or an attempt to commit forcible rape is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury or displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years.
 § 566.030, RSMo 1994.

2. Rule references are to Missouri Court Rules (1999), unless otherwise noted.

3. Evidently, the lawn chair was being used at the kitchen table.

discharge.[4] Dr. Elders indicated that the foregoing physical findings were "consistent with physical force and sexual force."

■ In his first point, Appellant claims that the prosecutor improperly vouched for S.B.'s credibility in closing argument and this led to his conviction, contrary to his rights to due process of law and a fair trial before an impartial jury. During closing arguments the prosecutor stated:

The details of every single word that came out of [S.B.'s] mouth cannot be recalled specifically by [S.B.] today, but that's reasonable—that's expected. She had only left the room where a man raped her and attempted to choke her moments before. She told [the Sheriff's Deputy] as much as she could at the time and said what she said—that the event occurred sometime after 5:00, that she was washing her blades on her fan when [Appellant] came in and raped her. That has never changed, ladies and gentlemen. That has never changed, because that is the truth.

■ Appellant asserts that the trial court plainly erred and abused its discretion in permitting the prosecutor to make the foregoing, improper, closing argument. Fatal to Appellant's argument is the absence in the record of a contemporaneous objection by defense counsel at the time of the prosecutor's purported improper closing arguments. "[P]lain error will seldom be found in unobjected closing argument." *State v. Kempker*, 824 S.W.2d 909, 911 (Mo. banc 1992). This is because "alleged errors committed in closing argument do not justify relief under the plain error rule unless they are determined to have a decisive effect on the jury." *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988). " 'Because trial strategy looms as an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication.' " *State v.*

*Weicht*, 23 S.W.3d 922, 930 (Mo.App.2000) (involving allegations of improper vouching by the prosecutor)(quoting *State v. Bogard*, 836 S.W.2d 87, 89 (Mo.App.1992)).

■ We observe, *ex gratia*, that vouching, sometimes called "personal vouching" occurs when a prosecutor implies that he or she has facts that are not before the jury for their consideration. *State v. Wolfe*, 13 S.W.3d 248, 256 (Mo. banc 2000). This did not occur here. It is clear that the prosecutor was not in error in expressing her opinion fairly drawn from the evidence before the jury. *See State v. Mease*, 842 S.W.2d 98, 109 (Mo. banc 1992). Point denied.

■ In his second point, Appellant contends that the "trial court plainly erred in failing to make its own sentencing decision, instead stating that it could not reduce the jury's recommendation...." In particular, the trial judge stated during sentencing that "I wish there were more I could do for you. The law doesn't allow me to reduce a sentence from a jury recommendation. I cannot go above the recommendation of the jury as the victim asked in this case." The trial judge then sentenced Appellant in accordance with the jury recommendation to ten years' imprisonment. As the State concedes, the trial court's statement indicates that it may have been unaware that it could have reduced appellant's sentence *below* the jury's recommendation. Under the facts of the instant case, section 566.030.2, RSMo 1994, *supra*, provides for a minimum punishment of five years.

"The court derives its authority to assess, increase, or reduce punishment from statute, § 557.036, RSMo 1994, and the Missouri Supreme Court Rules 29.02, 29.03, 29.04, 29.05, and 29.06." *State v. McClanahan*, 954 S.W.2d 476, 481 (Mo. App.1997); *see also State v. Cline*, 808

---

4. Dr. Elders testified that "petechiae are just very tiny hemorrhages" that indicate "there's been enough trauma or force from whatever source to cause some breakage of the capillaries."

S.W.2d 822, 826 (Mo. banc 1991). "The court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." Rule 29.05; *see State v. Carlton,* 733 S.W.2d 23, 25 (Mo. App.1987). We remand the case for resentencing so that the trial court may pronounce a sentence as it feels appropriate under the law. *See Williams v. State,* 800 S.W.2d 739, 741 (Mo. banc 1990).

The sentence is vacated; the conviction is affirmed and the case is remanded with directions to resentence Appellant as the trial court feels appropriate under the law.

PREWITT,J., and CROW, J., concur.