# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3705

_____

| | | |
|---|---|---|
| Michael Collins, | * | |
| | * | |
| Petitioner - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Dave Dormire, | * | |
| | * | |
| Respondent - Appellee. | * | |

_____

Submitted: January 11, 2000
Filed: February 15, 2001

_____

Before WOLLMAN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Michael Collins who was convicted in Missouri of second degree robbery seeks federal habeas relief on the grounds that he received ineffective assistance of counsel on his direct appeal when his counsel failed to raise an identification issue. The district court[1] denied his petition, and he appeals. We affirm.

Collins was charged with attempted kidnaping and second degree robbery after

_____

[1]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri, presiding.

a woman was attacked outside a grocery store in Maplewood, Missouri and forced into a car. As the victim left the store, she was approached by a man who put his arm around her and began asking questions. The man then pressed something he said was a knife against her back and forced her to walk across the street where he shoved her into a car. She hit him on the head with a bottle and jumped out. Mike Schuessler, who lived nearby, heard her screaming and ran to the scene where he saw the victim standing on the sidewalk near a large car. Schuessler got a look at the man driving the car, but he drove off before Schuessler could get the license number. Schuessler only saw the man from the side and told police he would not be able to identify him. The police made a composite sketch based on the victim's description of her assailant, and an officer who saw the sketch thought it looked like Michael Collins and assembled a photo spread of six persons, including Collins. The victim viewed the photo lineup four days after the attack, and identified Collins as the man who had attacked her.

At the beginning of trial, Collins moved to suppress any in-court identification because of the identification procedures that had been used by the police. The court denied the motion, but granted counsel a continuing objection. Collins was identified during trial by both the victim and Schuessler. Collins' trial attorney learned through cross examination of Schuessler that the day before trial he had met with the prosecutor and the victim. At that meeting the prosecutor had shown Schuessler the photo lineup previously displayed to the victim. After Schuessler tentatively identified Collins, the prosecutor showed him several other photographs of Collins. Schuessler said he was not sure Collins was the man in the car; none of the photographs showed his profile. At trial Schuessler said he was sure about his identification of Collins because he had been able to see him from the side in the courtroom. Collins did not object to Schuessler's identification during his testimony, but he moved for a mistrial when it was finished. The court denied the motion, finding that the state's failure to notify Collins of the pretrial identification was improper, but that Schuessler's in-court identification had not been tainted by the pretrial identification procedure.

The jury found Collins guilty of second degree robbery, but not guilty of attempted kidnaping. The state trial court found that Collins was a prior and repeat offender and sentenced him to twelve years. Collins moved for a new trial, arguing that the court had erred by not granting a mistrial because of the improper pretrial identification procedure. After an evidentiary hearing, the motion was denied and Collins appealed. Collins' appellate attorney did not attack his conviction on the basis an of improper pretrial identification procedure, but appealed a jury instruction, an issue that trial counsel had not preserved by making a contemporaneous objection. The Missouri Court of Appeals affirmed the conviction, see Missouri v. Collins, 920 S.W.2d 205 (Mo. Ct. App. 1996), and denied Collins' motion to recall the mandate. In the motion to recall the mandate Collins' counsel had complained that his appellate attorney rendered ineffective assistance of counsel by failing to argue that Schuessler's in-court identification of Collins had been tainted by an impermissibly suggestive pretrial identification procedure.

Acting pro se, Collins filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. He claimed that he was entitled to relief because his trial attorney was not informed of Schuessler's pretrial identification, the in-court identification of Collins was unreliable, there was insufficient evidence to support his conviction, and trial counsel rendered ineffective assistance because the prosecutor had not given him adequate information about the out-of-court identification procedure. He argued that the ineffective assistance of his appellate counsel constituted cause and prejudice for the default of his claims.

The district court held that while ineffective assistance of appellate counsel may have constituted cause sufficient to overcome procedural default of the improper pretrial identification claim, the petitioner had not satisfied the prejudice element. It rejected Collins' argument that ineffective assistance of appellate counsel constituted cause for default of his remaining claims because those issues had not been raised in his motion to recall the mandate, and it denied his petition. We granted Collins a

-3-

certificate of appealability "on the single issue of ineffectiveness of appellate counsel for failure to raise and brief the preserved identification issue."

Collins claims that his appellate attorney was ineffective because he did not raise the pretrial identification issue on direct appeal. The state claims that Collins did not preserve this issue by objecting at trial or by raising the precise issue in his pretrial motion for suppression or in his motion for a new trial. The state argues that since Collins has procedurally defaulted the claim and not shown cause and prejudice, his petition should be denied. Collins raised ineffective assistance of appellate counsel in his motion to recall the mandate. That appears under Missouri law to be a way to preserve the issue so that our review would not be procedurally barred, see Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998), and at this point we will proceed to consider the issue certified for appeal.

An ineffective assistance of counsel claim involves a mixed question of fact and law. See Dodd v. Nix, 48 F.3d 1071, 1073 (8th Cir. 1995). We review the district court's findings of fact for clear error and its legal conclusions de novo. See id. The petition can only be granted if the state court adjudicated Collins' claims in a way that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), and a presumption of correctness is applied to state court findings of fact. See id. at § 2254(e)(1).

To prevail on a claim of ineffective assistance petitioner must show that counsel's performance was deficient and that it prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . " Id. at 689. To overcome this presumption, the petitioner must present evidence that "appellate counsel's failure to raise a claim was [not] an exercise of 'sound appellate strategy.'"

Roe, 160 F.3d at 418 (quoting Sidebottom v. Delo, 46 F.3d 744, 759 (8th Cir. 1995)). To establish prejudice Collins must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Collins argues that Schuessler's identification was unreliable because over two years had passed between the time Schuessler saw the man in the car and his identification at trial and he had told police at the time of the crime that he could not identify the driver. If the issue had been raised on direct appeal, the Missouri Appellate Court would have reviewed fact findings "in [the] light most favorable to the trial court's ruling." Missouri v. Glover, 951 S.W.2d 359, 362 (Mo. Ct. App. 1997) (quotation marks and citation omitted, modification in the original).[2] The trial court found that Schuessler's in-court identification of Collins was reliable because his identification the day before had been tentative and only after he saw Collins' profile was he able to identify him as the man he had seen at the scene of the crime. The court further found that because Schuessler's in-court identification of Collins was independent of his pretrial identification, it was untainted by any impermissible suggestiveness that may have occurred.

We apply a presumption of correctness to the state court's finding that

---

[2]The reliability of a witness' in-court identification is determined by considering five factors:

(1) The opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

Glover, 951 S.W.2d at 363.

Schuessler's in court identification was reliable and not tainted by the procedures employed by the court.  See 28 U.S.C. § 2254(e)(1).  The record also shows that Schuessler testified at trial that he stood five to six feet away from the man in the car and was able to view him for "a few minutes."  As the car drove away, he tried to read its license plate number.  Given Schuessler's opportunity to view the attacker at the time of the crime, the degree of attention to which he gave the man in the car, and the certainty of his identification at trial, it is unlikely that the Missouri appellate court would have found error in the trial court's determination that his identification of Collins was reliable.  Even if admission of Schuessler's testimony was found to be improper, it would not have necessitated a mistrial because of the strength of the victim's identification of Collins.  She described Collins in detail immediately after her attack, provided the police a basis for a composite sketch from which a police officer recognized Collins, and identified Collins shortly after the attack and in court.[3]  Given the evidence against Collins, Schuessler's identification would have been at most harmless error.  See Missouri v. Williams, 717 S.W.2d 561, 566 (Mo. Ct. App. 1986).  On this record Collins has not shown that he was prejudiced by any deficient performance of his appellate counsel.

Since Collins has not shown he was prejudiced by the failure of his appellate counsel to raise the issue of the pretrial identification procedure on his direct appeal, he cannot prevail on the issue certified on appeal and we affirm the district court's denial of his petition for habeas relief.

---

[3]Collins argues that this court should find the victim's identification unreliable because of certain inconsistencies between her trial testimony and the account in her deposition a year earlier.  Inconsistencies in witness testimony go to the issue of credibility and are to be considered by the jury.  See Missouri v. Vaughn, 32 S.W.3d 798, 799 (Mo. Ct. App. 2000).  Here, the jury found the victim's testimony credible and that finding is entitled to deference.  See id.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.