# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3484

_____

Eddie Keeper,                                    *
                                                 *
            Appellant,                           *    Appeal from the United States
                                                 *    District Court for the Eastern
    v.                                           *    District of Missouri.
                                                 *
United States of America,                        *         [UNPUBLISHED]
                                                 *
            Appellee.                            *

_____

Submitted:   October 21, 2002

Filed:   November 4, 2002

_____

Before WOLLMAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

In 1993, Eddie Keeper was convicted of possession of heroin with the intent to distribute and conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841 and 846 (2000). He was sentenced to 240 months in prison. Keeper now appeals the district court's[*] denial of his 28 U.S.C. § 2255 petition for habeas relief, raising five claims.

_____

[*]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

Before reviewing Keeper's claims, we first address the state's motion to dismiss because this case lacks a certificate of appealability. Because Keeper first filed his habeas claim in 1995 before the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted, his appeal is not subject to the certificate of appealability requirement. United States v. Navin, 172 F.3d 537, 539 (8th Cir. 1999). Having resolved this threshold issue, we now turn to Keeper's arguments.

Because Keeper's first four claims for habeas relief were not raised on direct appeal, we will grant habeas relief only if we find both cause for Keeper's failure to raise the defaulted arguments on direct appeal and actual prejudice resulting from this procedural default. Swedzinski v. United States, 160 F.3d 498, 500-01 (8th Cir. 1998). First, Keeper argues the government failed to properly indict him. Second, Keeper contends the superseding indictment violated the Speedy Trial Act, 18 U.S.C. § 3161 (2000). Third, Keeper asserts the government presented evidence at trial which violated the Fourth Amendment because the evidence was derived from an illegal search and arrest. Fourth, Keeper argues the government failed to disclose favorable evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Having reviewed the record, we reject these procedurally defaulted claims based on Keeper's failure to assert habeas-based cause and prejudice in the district court, or before our court. Even if Keeper could show cause, though, his claims would fail because he has not suffered actual prejudice.

Finally, we turn to Keeper's ineffective assistance argument. Because this argument is properly raised in a habeas petition and is not subject to procedural default, we review the district court's findings of fact for clear error, and its conclusions of law de novo. Collins v. Dormire, 240 F.3d 724, 727 (8th Cir. 2001) (standard of review). To prevail on an ineffective assistance claim, Keeper must establish both cause and prejudice resulting from his attorney's actions under the standard established in Strickland v. Washington, 466 U.S. 668, 687 (1984). Having

reviewed the record and the district court's opinion, we conclude Keeper has established neither cause nor prejudice resulting from his attorney's alleged errors.

For the reasons stated above, we deny the government's motion to dismiss the habeas petition, and having concluded the district court properly denied Keeper's petition for habeas relief, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.