**STATE of Missouri, Respondent,**

v.

**Herman R. LANDERS, Appellant.**

**No. WD 51780.**

Missouri Court of Appeals,
Western District.

May 26, 1998.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine B. Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

RIEDERER, Judge.

## FACTS

On the evening of January 18, Appellant Herman Landers, a former resident of the Real Truth Shelter in Kansas City, approached "Victim." Victim was a temporary resident at the shelter at that time. Victim recognized Appellant, but did not know him. Appellant and Victim decided to walk to a liquor store to buy cigarettes. When they reached the liquor store, Appellant told Victim that he wanted to introduce her to a friend, and they walked to a nearby car. Appellant pushed her into the car and ordered the driver to go. He directed the driver to an abandoned house, pulled Victim out of the car and forced her into the house. Inside, Appellant pushed her onto a mattress. When Victim screamed, Appellant placed a knife on her throat and told her to quit or he would cut her. Appellant proceeded to rape her. After Appellant finished, he apologized. Victim told him that she was going to report the rape to the police.

Victim reported the rape to the evening manager of the shelter. She was crying and her clothes were dirty and torn. She described the man who raped her, and the manager believed the assailant might have been Appellant. Appellant was arrested a short time later and taken to the shelter. At the shelter, Victim identified Appellant as the man who raped her, and she identified his pocketknife as the knife he held to·her throat.

At trial, Appellant testified in his own defense. He claimed that Victim agreed to exchange sex for drugs; the two went to the abandoned house, where Victim smoked crack and had consensual sex with Appellant. He said that when he refused to give her any more money for drugs, Victim picked up a knife and attacked him, then told him she was going to call the police.

Appellant was convicted of forcible rape and sentenced as a persistent sexual offender to a term of forty years. Appellant filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence pursuant to Supreme Court Rule 29.15 on June 3, 1996. Post-conviction counsel filed a First Amended Motion on August 23, 1996. On May 12, 1997, the motion court held a hearing and overruled Appellant's Rule 29.15 motion. This consolidated appeal followed.

In his direct appeal, Appellant alleges that the trial court erred and abused its discretion in denying Appellant's request to strike a juror and replace him with an alternate when that juror disclosed during trial that he had worked with a police officer who was called as a witness by the prosecution. In his Rule 29.15 appeal, Appellant contends that the motion court clearly erred in denying his Rule 29.15 Motion when he testified that he was not allowed to participate in peremptory challenges during voir dire and his counsel could not remember whether he was there or not; Appellant also argues that the motion court clearly erred in denying Appellant's 29.15 motion, because the motion court found that Appellant did not tell counsel of his chipped tooth when Appellant testified that he did tell counsel of his chipped tooth.

Affirmed.

## JUROR QUALIFICATIONS

In his first point on appeal, Appellant contends that the trial court erred and abused its discretion in denying Appellant's request to strike a juror and replace him with an alternate when that juror disclosed during trial that he had worked with a police officer who served as a witness for the prosecution.

### A. Standard of Review

■ The trial court is vested with broad discretion in determining the qualifications of jurors; an appellate court should not disturb the trial court's ruling on a challenge for cause unless it is clearly against the evidence and constitutes a clear abuse of discretion, and unless Appellant shows a real probability of injury. *State v. Richardson*, 923 S.W.2d 301, 309 (Mo. banc 1996); *State v. Parker*, 886 S.W.2d 908, 919 (Mo. banc 1994), *cert. denied* 514 U.S. 1098, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). An appellate court resolves any doubts regarding the trial court's findings in favor of the trial court since the trial judge is in a better position to make an impartial determination than the appellate court can from a cold record. *State v. Robinson*, 825 S.W.2d 877, 879 (Mo.App.1992).

### Analysis

On January 18, 1995, Officer Rawley was the first investigating officer to respond to the Real Truth Shelter, where he spoke with Victim. At trial, Rawley testified about his interview with Victim, and he stated that Victim showed him the crime scene and that he took her to the hospital for an examination.

Following Officer Rawley's testimony, Juror Klepac advised the Court that he recognized the officer. The judge, the prosecutor, and defense counsel questioned the juror out of the jury's presence. The juror stated that the officer and he both worked as security guards at a hotel. They worked the same eight-hour shift at the hotel about one day a week for the previous three months. They had last worked together the week before the trial. The juror stated that he did not respond to a question asking whether anyone was acquainted with this officer during *voir*

*dire* because he did not know the officer's last name. During questioning, the following exchanges took place:

COURT: [H]as there been anything in your association with him that would make you more likely to credit or discredit his testimony as opposed to any other witness' testimony?

JUROR: Not as far as I'm concerned.

COURT: Can you judge his credibility as you would judge the credibility of any other witness?

JUROR: He's just another witness.

\* \* \* \* \* \* \* \* \* \* \*

DEFENSE COUNSEL: Do you have an opinion, based upon your dealings with him and your working with him, about his truthfulness?

JUROR: Just that he's a very nice young man.

\* \* \* \* \* \* \* \* \* \* \*

COURT: Would you have any difficulty weighing the evidence here and determining the matter just based upon the evidence you hear in this courtroom, given the fact that you have seen Officer Rawley in the past and will likely see him in the future?

JUROR: No.

COURT: If in the event the evidence might lead you to believe the defendant was not guilty of the crime charged, would you feel uncomfortable with dealing with Officer Rawley, if in fact you ultimately decided that the defendant was not guilty in your own mind?

JUROR: No.

Appellant made a motion to strike the juror for cause. After listening to arguments, the Court overruled the motion.

■ Whether bias or prejudice exists is a factual question, which turns largely on the credibility and demeanor of the challenged juror. *Parker,* 886 S.W.2d at 919. A critical factor in reviewing the trial court's exercise of its discretion is whether the challenged juror states unequivocally that he or she can evaluate the evidence fairly and impartially.

*State v. Storey,* 901 S.W.2d 886, 894 (Mo. banc 1995). Juror Klepac made such a statement.

■ Appellant asserts that Juror Klepac's assessment of Officer Rawley as "a very nice young man" called into question his ability to impartially weigh the credibility of the witnesses. However, the qualifications of a prospective juror are not determined conclusively by a single response, but are made on the basis of the entire examination. *State v. Brown,* 902 S.W.2d 278, 285 (Mo. banc 1995), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995).

The record reveals that the attorneys and the trial judge carefully questioned Juror Klepac, and that Klepac stated unequivocally on the record that he could judge the officer's credibility just as he would any other witness.

■ In order to show that the trial court abused its discretion, the bare possibility of prejudice is not enough; it must clearly appear from the evidence that the challenged juror was in fact prejudiced. *State v. Walker,* 795 S.W.2d 522, 525 (Mo.App.1990). The record reveals that Juror Klepac assured all parties that he could be fair and impartial and would reach a verdict based solely on the evidence presented at trial.

Appellant extensively cites *Williams by Wilford v. Barnes Hospital,* 736 S.W.2d 33 (Mo. banc 1987). We note that *Williams* stands for the proposition that "where the nondisclosure is both unintentional and reasonable, the relevant inquiry becomes whether, under the circumstances, the juror's presence on the jury did or may have influenced the verdict so as to prejudice the party seeking a new trial." *Id.* at 37.

■ In sum, the question becomes whether the presence of Juror Klepac prejudiced Appellant. Appellant argues Klepac's "ability to impartially weigh the credibility of the witnesses, based only on the evidence at trial, was questionable." The record, however, proves otherwise. Appellant does not establish that Juror Klepac could not be fair and impartial. Rather, the record below shows

only that Klepac would be fair and impartial. This juror was not in fact prejudiced.

The trial court did not abuse its discretion in overruling Appellant's motion to strike the juror from the jury.

Point I is denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, Appellant makes two separate claims of ineffective assistance of counsel.

### A. Standard of Review

▮▮▮▮▮ A motion court's denial of a claim of ineffective assistance of counsel based on a Rule 29.15 motion is reversed only when its findings of fact or conclusions of law are clearly erroneous. *State v. Lay*, 896 S.W.2d 693, 701 (Mo.App.1995). A judgment will only be found to be clearly erroneous if, after review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.* The movant bears the burden of proving his grounds for relief by a preponderance of the evidence. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The motion court is free to believe or disbelieve the evidence, whether contradicted or undisputed, and including the movant's testimony. *Dean v. State*, 950 S.W.2d 873, 876 (Mo.App.1997). The findings of the motion court are presumed correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

▮▮▮▮ In order to establish ineffective assistance of counsel, the movant must demonstrate by a preponderance of the evidence (1) that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) that his defense was prejudiced as a result of that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984); *Storey*, 901 S.W.2d at 893. Further, Appellant must overcome the strong presumption that counsel was competent. *State v. Suter*, 931 S.W.2d 856, 866 (Mo.App.1996).

### B. Defendant's Participation in Peremptory Challenges

In his second point on appeal, Appellant contends that the motion court clearly erred in denying Appellant's Rule 29.15 Motion that counsel was ineffective when Appellant testified that he was not allowed to participate in peremptory challenges during voir dire and his counsel could not remember whether he was there or not.

On March 7, 1997, a hearing was held on Appellant's First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence in the Circuit Court of Jackson County. Jeannie Arterburn Willibey, Appellant's defense counsel, testified at the hearing. A deposition of the Appellant was also admitted into evidence.

On May 12, 1997, the motion court overruled Appellant's Rule 29.15 motion. In its Findings of Fact and Conclusions of Law, the motion court stated:

> Movant's claim was refuted by trial counsel at the evidentiary hearing. Counsel testified that to the best of her recollection, Movant was present during all parts of the *voir dire* process. Additionally, counsel testified that if Movant had been removed from the courthouse prior to her having an opportunity to consult with him regarding peremptory strikes, she would have objected and brought the matter to the court's attention. Finally, counsel testified that if Movant had specifically requested a venire person to be peremptorily stricken, she would have made a note of such request in her file. Counsel testified that after refreshing her recollection of the *voir dire* process by reviewing the criminal file, she could find no notation of any such request by Movant. The reasonable conclusion is that Movant was in fact present and made no specific request that any particular venire person be stricken. The court finds trial counsel's testimony on this point to be credible. *See State v. Glessner*, 918 S.W.2d 270, 282 (Mo.App.1996).

Defense counsel testified that it was her policy as a trial attorney to have the defendant present for peremptory strikes, and that she would have raised the point to the judge if he were not present. She testified

that it was her policy to allow a defendant to participate actively in the jury selection process, and that she had no reason to believe that Appellant did not participate in the jury selection process before his trial.

 Appellant contends that the motion court clearly erred because Appellant stated in his deposition that he "specifically recalled" that he did not attend the entire *voir dire* process, thereby contradicting his counsel. However, credibility of witnesses in a postconviction proceeding is for the motion court's determination. *Glessner,* 918 S.W.2d at 282. Here, the motion court found defense counsel's testimony to be credible, and, based on the record, the court had a reasonable basis for making this determination. The motion court did not clearly err.

Appellant did not establish that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. Furthermore, Appellant has failed to show any prejudice to himself. Having reviewed the entire record, this court is not left with a definite and firm impression that a mistake has been made, and, therefore, the judgment below is not clearly erroneous. *Lay,* 896 S.W.2d at 701.

Point II is denied.

### C. Omitted Evidence of Chipped Tooth

In his third point on appeal, Appellant contends that the motion court clearly erred in denying Appellant's 29.15 motion that counsel was ineffective because the motion court found that Appellant did not tell counsel of his chipped tooth when Appellant testified that he did tell counsel of his chipped tooth.

On May 15, 1995, Dr. Ronald Guier, a specialist in forensic odontology, took casts of Appellant's teeth and compared them to the photographs of bite marks on the victim's leg. Dr. Guier testified at trial that between five and eight teeth marks revealed in the photograph matched the spaces and discrepancies in the casts of Appellant's teeth. The photograph of the bite marks showed an incomplete tooth mark matching Appellant's chipped right central incisor. Dr. Guier con-cluded that the bite mark in the photograph was consistent with Appellant's bite mark.

Appellant argues that counsel was ineffective for failing to elicit testimony that Appellant fell and chipped his tooth after January 18, 1995, the date of the offense, and before Dr. Guier took casts of his teeth on May 15, 1995.

Defense counsel testified at the Rule 29.15 hearing. Defense counsel stated that Appellant never told her that he chipped his tooth after January 18, 1995, and before May 15, 1995; thus she did not know, and had no reason to know, that Appellant chipped his tooth during this period. Defense counsel also testified that she was with Appellant when Dr. Guier made the casts of Appellant's teeth and that the subject of any recent damage to Appellant's teeth did not arise.

The motion court found that Appellant's claim that counsel was ineffective for failing to elicit testimony regarding the chipped tooth was refuted by defense counsel at the evidentiary hearing. The Court noted: (1) that the trial court questioned Appellant as to his satisfaction with the performance of his attorneys, and Appellant indicated that they did everything he asked them to do; and (2) that Appellant did not produce an expert at the evidentiary hearing to support his claim that the points of comparison were altered by the alleged tooth chipping episode. The motion court found no basis for Appellant's claim, and overruled the Rule 29.15 motion.

Appellant argues that the motion court erred in finding that Appellant admitted that he did not tell defense counsel about chipping his tooth after the rape, when he testified by deposition that he did tell her. However, credibility of witnesses in a postconviction proceeding is for the motion court's determination, as the motion court has the better opportunity to judge credibility. *Glessner,* 918 S.W.2d at 282. Here, the motion court found defense counsel's testimony to be credible, and based on the record, we cannot say that the court clearly erred in making this determination.

Appellant did not show that his counsel failed to exercise the customary skill and

diligence that a reasonably competent attorney would exercise under similar circumstances. Furthermore, Appellant has failed to show that he was prejudiced. Based on a review of the whole record, this court is not left with a definite and firm impression that a mistake has been made and therefore the judgment below is not clearly erroneous. *Lay,* 896 S.W.2d at 701.

Point III is denied.

For the foregoing reasons, the decision is affirmed.

LAURA DENVIR STITH, P.J., and HANNA, J., concur.