ROBERT G. ULRICH, Judge.
 

 Richard Lee Clark (“Mr.Clark”) appeals his conviction following jury trial for the Class C felony of assault in the second degree, section 565.060, RSMo 2000, and sentence to five years imprisonment in the Missouri Department of Corrections. Mr. Clark raises two points on appeal. He claims that the trial court erred in: (1) giving the verdict directing instruction No. 5 because the evidence was insufficient to find him guilty of assault in the second degree in that reasonable jurors could not have found that he was driving on the wrong side of the road when he collided with the victim’s vehicle; and (2) failing to grant his motion to strike Venireman Wil-hoit for cause because Venireman Wilhoit knew Trooper Troy Murdock, one of the State’s witnesses, and the court’s failure to strike him as requested resulted in an unqualified jury panel, to which Mr. Clark was entitled before exercising his peremptory strikes, thereby forcing him to exercise a peremptory challenge to remove Venireman Wilhoit from the jury panel. The judgment of conviction is affirmed.
 

 Factual and Procedural History
 

 Trooper Troy Murdock (“Trooper Mur-dock”), of the Missouri Highway Patrol was dispatched to a traffic accident on Missouri Highway 17, in Miller County, on November 6, 1999, at approximately 2:00 a.m. When he arrived at the accident scene, Trooper Murdock observed two vehicles — a small, red compact car located upside down in a ditch to the left side of the road and a brown full size pickup truck located in the front yard of a residence to the right side of the road.
 

 Upon approaching the red car, Trooper Murdock observed a white male, Tracy Good (“Mr.Good”), with his seat belt on sitting in the driver’s seat. Medical personnel were attending to Mr. Good, and Trooper Murdock was unable to speak with him. Trooper Murdock then approached the pickup truck and spoke to the driver, Mr. Clark. Except for Mr. Clark’s swollen lower lip, he exhibited no other visible facial injuries. While speaking with Mr. Clark, Trooper Murdock observed that Mr. Clark’s breath had a strong odor of intoxicants and that his eyes were bloodshot. When Trooper Mur-dock began talking to Mr. Clark, he was antagonistic. As the conversation continued, Mr. Clark’s demeanor changed, and Trooper Murdock observed Mr. Clark laugh inappropriately at everything that Trooper Murdock said.
 

 Trooper Murdock conducted an investigation at the scene. He determined that the red car was traveling south on Missouri Highway 17 and that Mr. Clark was driving the pickup truck northbound on the same highway. The vehicles collided as they both entered a curve of the highway. Trooper Murdock observed a gouge mark in the pavement of the southbound lane of the highway that began approximately four feet inside the centerline, the lane in which Mr. Good was traveling. Trooper Murdock testified that the gouge mark was consistent with the fine of travel of the red car in the southbound lane of the highway and with being made by the bare rim of the red car’s missing front left tire. He observed impact damage to the driver’s side of Mr. Good’s red car. Trooper Murdock did not observe any marks on the highway attributable to Mr. Clark’s truck. He did observe damage to the left front side and substantial damage
 
 *399
 
 to the undercarriage of the truck, apparently, he testified, resulting from the vehicle being driven off the embankment.
 

 Trooper Murdock testified that, based upon his experience and training and the evidence that he observed at the accident scene, he determined that the area of impact was in the southbound lane of Highway 17, the lane in which Mr. Good’s vehicle was traveling. He also testified that the area of impact occurred approximately fifty-five feet from where Mr. Good’s vehicle had exited the highway on the east side of the roadway.
 

 Mr. Clark was arrested and taken to the Eldon Police Department where he failed the horizontal gaze nystagmus test. His speech was slurred, too. Mr. Clark’s blood-alcohol content was tested and registered at .19.
 

 At the time of the accident, Jay Abbott (“Mr.Abbott”) was riding as a passenger in Mr. Clark’s truck. Trooper Murdock spoke to Mr. Abbott the evening following the accident. He observed that the left side of Mr. Abbott’s face was swollen and that the area around Mr. Abbott’s left eye was bruised. Trooper Murdock concluded that Mr. Abbott’s injuries were consistent with his head having struck the truck’s windshield during the accident.
 

 Mr. Good, the driver of the red car, has no memory from the week prior to the accident to a week following the accident, apparently resulting from his injuries sustained in the accident. Mr. Good’s injuries included a cracked spleen, scars around his eyes, a mild head injury, and injury to his abdomen requiring that his stomach be stapled. Mr. Good had to remain in the hospital approximately a week, including a stay in the intensive care unit. He then spent three weeks in a rehabilitation hospital relearning to walk.
 

 Mr. Clark was charged by information with the Class C felony of assault in the second degree. During voir dire, Venire-person Wilhoit was identified as a Missouri Highway Patrolman. He stated that he knew Trooper Murdock. When questioned whether his knowing Trooper Mur-dock would affect his ability to hear the case, Mr. Wilhoit stated, “it very well might.” Following further questioning, however, Mr. Wilhoit stated that even though he was a fellow Highway Patrol officer and that Trooper Murdock would testify, he believed that he could be an impartial juror. He further stated that he had no knowledge of the case, that his experience in numerous occasions like this and his understanding of probable cause might provide him “extra knowledge” that other jurors did not possess, and that he would not find Trooper Murdock’s testimony more credible merely because he was a member of the Missouri Highway Patrol. He stated that he would base his decision on the evidence presented and that he would be able to render a fair and independent decision based on the evidence. Mr. Clark, through his counsel, moved that Venireman Wilhoit be stricken for cause. The trial court denied the motion. Mr. Clark used one of his peremptory strikes to remove Venireman Wilhoit from the jury panel.
 

 At trial, Mr. Clark testified in his own behalf. He presented no other witnesses. He testified that he was not the driver of the pickup truck but that an individual named “Mike” was driving the vehicle when the accident occurred. Mr. Clark claimed that he did not know Mike’s last name. He also testified that Mike left the scene before Trooper Murdock arrived. A jury found Mr. Clark guilty of assault in the second degree. He was sentenced to five years imprisonment. This appeal followed.
 

 
 *400
 
 Point I
 

 In Mr. Clark’s first claim of error, he contends that the trial court erred in giving the verdict directing instruction, Instruction No. 5, because no competent evidence was presented to show that Mr. Clark was driving on the wrong side of Missouri Highway 17 when the accident occurred. Although Mr. Clark’s first point on appeal is phrased as an instructional error, his claim is actually challenging the sufficiency of the evidence.
 

 In reviewing the sufficiency of evidence supporting a criminal conviction, an appellate court gives great deference to the trier of fact.
 
 State v. Chaney,
 
 967 S.W.2d 47, 52 (Mo. banc 1998). The appellate court’s function does not include acting as a “super juror” with veto powers.
 
 State v. Grim,
 
 854 S.W.2d 403, 414 (Mo. banc 1993). Appellate review is limited to determining whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.
 
 State v. Hendrix,
 
 81 S.W.3d 79, 83 (Mo.App. W.D.2002) (citing
 
 State v. Clay,
 
 975 S.W.2d 121, 139 (Mo. banc 1998)). The evidence and all inferences reasonably drawn therefrom are viewed in a light most favorable to the verdict, disregarding evidence and inferences that are contrary to a finding of guilt.
 
 State v. William,
 
 100 S.W.3d 828, 832 (Mo.App. W.D.2003) (citation omitted).
 

 This standard “echoes the due process standard announced by the United States Supreme Court in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).”
 
 State v. Chaney,
 
 967 S.W.2d at 52. Great deference is given to the trier of fact.
 

 [T]his inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilty beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 

 Jackson,
 
 443 U.S. at 318-19, 99 S.Ct. at 2789 (citation omitted) (quoting
 
 Woodby v. INS,
 
 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362 (1966)). The inquiry is whether applying these criteria to this case, a rational fact finder could have found Mr. Clark guilty beyond a reasonable doubt of assault in the second degree.
 

 The jury was instructed with the verdict directing instruction, Instruction No. 5, to find Mr. Clark guilty of assault in the second degree if they found that:
 

 First, that on or about Nov. 6, 1998, on Missouri Highway 17 in the County of Miller, State of Missouri, the defendant operated a motor vehicle, and Second, that he did so while in an intoxicated condition, and
 

 Third, that defendant caused physical . injury to Tracy L. Good by colliding with the vehicle in which Tracy L. Good was in occupant, and Fourth, that defendant was driving on the wrong side of the road, and
 

 Fifth, that defendant was thereby criminally negligent, then you will find the defendant guilty of assault of the second-degree.
 

 Mr. Clark claims that the State failed to offer sufficient evidence to establish that he was driving on the wrong side of the road. He does not challenge the sufficiency of the evidence applicable to any other element of the offense.
 

 The evidence established that the collision of the two vehicles occurred on the side of the road traveled by Mr. Good’s red vehicle. Trooper Murdock testified that
 
 *401
 
 he determined that Mr. Good’s car was in the southbound lane of Highway 17 while Mr. Clark’s truck was in the northbound lane. He testified that he observed a gouge mark in the pavement on the southbound lane of the highway. Trooper Mur-dock testified that the gouge mark began approximately four feet inside the line of the southbound lane. According to Trooper Murdock’s testimony, the gouge mark was consistent with the line of travel of the red car in the southbound lane. The gouge mark was also consistent with being made by the bare rim of the red car’s missing front left tire. Additionally, Trooper Murdock testified that he observed impact damage on the driver’s side of the red car.
 

 Trooper Murdock testified that he did not identify any marks on the highway attributable to Mr. Clark’s truck. The truck had some damage to the left front side and substantial damage to the undercarriage as a result of its having been driven off the embankment. As a result of his experience and training and his analysis of the evidence at the accident scene, Trooper Murdock testified that he determined the area of impact was in the southbound lane, the lane in which Mr. Good’s vehicle was traveling when the accident occurred, approximately fifty-five feet from where Mr. Good’s car had exited the east side of Highway 17. Thus, the reasonable conclusion from Trooper Mur-dock’s testimony is that the accident occurred because Mr. Clark’s truck crossed the centerline of the highway and collided with Mr. Good’s vehicle.
 

 From this evidence the jury could properly find that Mr. Clark caused the accident by crossing the centerline of the highway with his truck and crashing into Mr. Good’s car. The evidence established that the damage to both vehicles indicated that the front driver’s side of Mr. Clark’s truck struck the left front side of Mr. Good’s car. The only way that Mr. Clark’s truck could have struck Mr. Good’s car in the southbound lane was if his truck crossed into the southbound lane of the highway.
 

 Mr. Clark claims that insufficient evidence was presented to establish that he drove on the wrong side of the road because he testified that he believed his truck was on the correct side of the road and Mr. Good, the victim, cannot remember the accident. The jury was not bound by any self-serving claims made by Mr. Clark and is entitled to reject all or any of his testimony as false.
 
 State v. Gunn,
 
 57 S.W.3d 347, 350 (Mo.App. W.D.2001). The jury could reasonably have found that Mr. Clark’s testimony in this regard was not credible and that, based on Trooper Mur-dock’s testimony, Mr. Clark was not driving on the right side of the highway when his truck struck Mr. Good’s car.
 

 Mr. Clark argues that the evidence upon which the State relies to establish that he was driving on the wrong side of the road is not credible, namely Trooper Murdock’s testimony. “[QJuestions of credibility of a witness and the effects of conflicts or inconsistencies in the testimony of any witness are questions for the jury.”
 
 State v. Bryan,
 
 60 S.W.3d 713, 715-16 (Mo.App. S.D.2001) (quoting
 
 State v. Vaughn,
 
 32 S.W.3d 798, 799 (Mo.App. S.D.2000)). The appellate court’s role neither includes weighing the evidence nor determining the credibility of witnesses.
 
 State v. Bell,
 
 62 S.W.3d 84, 96 (Mo.App. W.D.2001).
 

 Whether Mr. Clark was driving on the wrong side of the road was a question of fact for the jury. The record contains sufficient evidence to support the jury’s determination that Mr. Clark was driving on the wrong side of the road. Point one is denied.
 

 
 *402
 
 Point II
 

 In his second point on appeal, Mr. Clark contends that the trial court committed reversible error in overruling his motion to strike Venireman Wilhoit for cause because the judge’s failure to grant the strike for cause resulted in an unqualified panel and he was entitled to a full panel of qualified jurors before he was required to expend his peremptory challenges, and the court’s error forced him to expend a peremptory challenge to remove the contested venireman from the jury panel. His claim of justification for striking Venireman Wil-hoit for cause was that the venireman was biased because he was a highway patrol officer and knew the State’s key witness, Trooper Murdock, in his official capacity. The State responds that Mr. Clark’s second point lacks merit because Venireman Wilhoit did not serve as a juror since Mr. Clark struck him with a peremptory strike, and, therefore, section 494.480.4, RSMo 2000, declares that he has no relief.
 

 Section 494.480.4, RSMo 2000 provides, in pertinent part:
 

 The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant’s trial and participated in the verdict rendered against the defendant.
 

 For Mr. Clark to be entitled to a new trial or reversal of his conviction or sentence, he must demonstrate that Venireman Wil-hoit served on his jury and participated in the verdict rendered against him. Venireman Wilhoit neither served on the jury nor participated in the verdict because he was removed by peremptory challenge. Mr. Clark’s second claim of error is “statutorily precluded.”
 
 State v. Cole,
 
 71 S.W.3d 163, 173-74 (Mo. banc 2002);
 
 State v. Deck,
 
 994 S.W.2d 527, 538 (Mo. banc 1999). Accordingly, because Venireman Wilhoit did not serve as a juror, there is no reversible error.
 
 [1]
 

 Mr. Clark claims that if the trial court’s denial of his motion to strike is allowed to stand, it will allow trial courts to improperly refuse to strike biased jurors for cause, resulting in defendants being required to use all of their peremptory challenges to sit a jury free from bias. This argument is unavailing because it assumes facts not in evidence in this case. Appellate courts do not render advisory opinions or decide nonexistent issues.
 
 Duncan v. Mo. Dep’t of Corr.,
 
 96 S.W.3d 925, 929 (Mo.App. W.D.2003) (citing
 
 State ex rel. Mo. Cable Television Ass’n v. Mo. Pub. Serv. Comm’n,
 
 917 S.W.2d 650, 652 (Mo.App. W.D.1996) (citation omitted)). Thus, this portion of Mr. Clark’s second point on appeal is not addressed.
 

 Not only did the trial court not err in denying Mr. Clark’s motion to strike for cause Venireman Wilhoit, its refusal to do so was not an abuse of discretion. The trial court has broad discretion in determining the qualifications of potential jurors.
 
 State v. Haley,
 
 73 S.W.3d 746, 755
 
 *403
 
 (Mo.App. W.D.2002) (citing
 
 State v. Landers,.
 
 969 S.W.2d 808, 810 (Mo.App. W.D. 1998)). The trial court’s ruling on a challenge for cause will not be disturbed on appeal unless it is clearly against the weight of the evidence and constitutes a clear abuse of discretion.
 
 Id.
 
 Doubts as to the trial court’s ruling are, moreover, to be resolved in the trial court’s favor.
 
 State v. Thomas, 70
 
 S.W.3d 496, 508 (Mo.App. E.D. 2002) (citing
 
 State v. Plummer, 860
 
 S.W.2d 340, 349 (Mo.App. E.D.1993)).
 

 Mr. Clark claims that Venireman Wilhoit was biased because he worked with Trooper Murdock on the state highway patrol. Trial courts do not automatically render police officers exempt from jury duty.
 
 [2]
 

 Cole, 71
 
 S.W.3d at 174. “Ven-irepersons may only be excluded where it appears that their views would prevent or substantially impair the performance of their duties as jurors in accordance with the instructions and their oath.”
 
 Id.
 
 Venireman Wilhoit stated that he knew Trooper Murdock and had worked on similar cases. Although he stated that “it would put him in an awkward position” to serve as a juror in this trial, on further questioning by the court, he unequivocally stated that he could be a fair and impartial juror. He indicated that he would not give Trooper Murdock’s testimony more weight merely because he was a highway patrol officer, and that he could base his decision on the evidence. A prospective venireper-son’s qualification as a juror is not based conclusively on a single response but rather is made on the basis of the entire examination.
 
 State v. Brown,
 
 902 S.W.2d 278, 285 (Mo. banc 1995). The trial judge is, moreover, in the best position to evaluate the venirepersoris commitment to follow the law contained in the instructions.
 

 Id.
 
 ‘Where a venireperson’s answer suggests a possibility of bias, but upon further questioning that person gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify such rehabilitated juror nor deprive the trial court of discretion to seat such venireper-son.”
 
 State v. Clark,
 
 55 S.W.3d 398, 404 (Mo.App. S.D.2001) (citing
 
 State v. Walton,
 
 796 S.W.2d 374, 377 (Mo. banc 1990)). The trial court did not abuse its discretion in overruling Mr. Clark’s motion to strike Venireman Wilhoit for cause. Point two is denied.
 

 For the reasons stated in the opinion, the judgment of the trial court is affirmed.
 

 All concur.
 

 [1]
 

 . Mr. Clark incorrectly cites
 
 Ham v. State,
 
 7 S.W.3d 433, 441 (Mo.App. W.D.1999), for the following proposition: “the full panel of potential jurors [must] be qualified before peremptory strikes [are] made, and that reversible error would result even if the only unqualified juror was removed by a peremptory strike, and the jurors who ultimately served were all otherwise qualified.” (citing
 
 State v. Wise,
 
 879 S.W.2d 494, 519 (Mo. banc 1994)). Immediately following this sentence in
 
 Ham,
 
 the Missouri Supreme Court states: "[ujnder section 494.480.4, however, an unqualified juror must sit in judgment of the defendant on the jury for prejudice to result.” As noted above, Mr. Clark was not prejudiced because Venireman Wilhoit did not sit on the jury in this case.
 

 [2]
 

 . Section 494.425, RSMo 2000, provides a list of persons ineligible for jury service. Police officers are not included within the statute.