**STATE of Missouri, Plaintiff–
Respondent**

v.

**Jeremy W. ALESHIRE, Defendant–
Appellant.**

**No. 25525.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 15, 2004.

Rosalynn Koch, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Jeremy W. Aleshire (defendant) was convicted, following a jury trial, of assault in the second degree.[1] § 565.060.1(4).[2] He appeals contending the evidence the state presented was not sufficient to permit a

---

**1.** Defendant was originally charged with three counts of assault in the second degree. Two counts were nolle prosequied prior to commencing trial.

**2.** References to statutes are to RSMo 2000.

jury to find him guilty of that offense. This court affirms.

> In adjudicating [a claim that evidence was insufficient to support a guilty verdict], this court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn therefrom, and disregards all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo.banc 1993), *cert denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). This court's review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found [defendant] guilty beyond a reasonable doubt. *Id.*

*State v. Camerer,* 29 S.W.3d 422, 423 (Mo. App.2000).

Missouri Highway Patrol Trooper Michael Frazier was called to the scene of an accident in Newton County, Missouri, in the early evening of April 8, 2002. Emergency personnel were attending people with injuries when he arrived. Trooper Frazier estimated that the accident occurred about 6:00 p.m. The weather was clear; however, the road surface was wet. Trooper Frazier observed that a passenger vehicle had lost control on a curved roadway and struck a tree head on. The tree was "[a]bout 9 feet 8 inches" off the roadway.

Defendant was in the back of an ambulance. He told Trooper Frazier he had been driving the car that struck the tree. Charles Hirshey, Jason Hirshey and Chastity Morrison were passengers. Trooper Frazier smelled the odor of intoxicants when he questioned defendant. Defendant's eyes appeared glassy and bloodshot. Although defendant was in a "C-collar" and on a backboard, Trooper Frazier administered the horizontal gaze nystagmus test which defendant failed. Defendant consented to provide a blood sample for analysis. A paramedic took a blood sample from defendant. The blood sample was submitted to a laboratory for analysis for blood alcohol content. Laboratory personnel determined the sample contained .156 percent alcohol. Trooper Frazier arrested defendant for driving while intoxicated.

The accident occurred at a location where the roadway went down a steep grade with a curve to the right. The posted speed limit was 35 miles per hour.

Trooper Frazier observed a tire mark that led to defendant's vehicle. The tire mark traveled off the left side of the asphalt roadway, back across the roadway. The tree the vehicle struck was off the right side of the roadway. Trooper Frazier testified that in his opinion the damage to the vehicle indicated it had been traveling significantly in excess of 35 miles per hour.

The person in the accident whose injury was the basis for the offense for which defendant was convicted is Charles Hirshey. Hirshey was 24 years old at the time of the accident. Hirshey was hospitalized for two and a half months following the accident. He was comatose in ICU during that time. He was in a nursing home for about three months following his hospitalization. His mother, Kathy Hirshey, was asked the following questions and gave the following answers regarding his condition:

> Q. The three months that he was in the nursing home, was he still in the coma, or did he come out of the coma?

> A. No; he was comatose. And then he became what they call a stage 2, and starting [sic] to respond a little bit, and then they sent him to Mount Vernon at the coma center.

> Q. How much time did he spend at Mount Vernon?

> A. Eight months.

. . .

Q. But he ended up in your house in July of last year, you think?

A. Somewhere in there, yes.

At the time of trial, Hirshey was "out of his coma." His mother explained that he was "in about stage 3"; that there are nine stages for recovery. She explained, "He can't talk or—he had to learn everything all over again, like how to eat. He's not walking yet. He has to learn everything all over again just like a baby." She said he required "total care."

Section 565.060.1 states, as applicable to this case:

A person commits the crime of assault in the second degree if he:

. . .

(4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; . . . .

Section 562.016 provides:

1. Except as provided in section 562.026,[3] a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely or knowingly or recklessly or with criminal negligence, as the statute defining the offense may require with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime.

. . .

5. A person **"acts with criminal negligence"** or is criminally negligent when he fails to be aware of a substantial and unjustifiable risk that circum-

stances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

Defendant presents one point on appeal. He contends the trial court erred in denying his motion for judgment of acquittal and in entering a judgment of guilty; that "the evidence was insufficient to prove that he acted with criminal negligence to cause physical injury to another . . . in that there was no evidence proving beyond a reasonable doubt that he drove in a criminal [sic] negligent manner, since the trooper could not explain the cause of the accident, show that [defendant] had been driving improperly on the road, or identify any criminally negligent behavior on [defendant's] part."

Defendant concedes he was intoxicated at the time of the accident. He argues only that the state did not prove he was criminally negligent; that his conviction rested on "no more than the speculation and forced inferences as to the reasons he may have left the road"; that "there were no witnesses to his driving and no physical proof as to what transpired."

The jury was instructed, with respect to the issue of whether defendant was criminally negligent, as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about April 8, 2002, on Castle Drive near Highway 86, in the County of Newton, State of Missouri, the defendant operated a motor vehicle; and,

. . .

Third, that defendant caused physical injury to Charles Hirshey by striking a tree head-on with a motor

---

**3.** § 562.026 is not applicable to the facts of   this case.

vehicle in which the victim was an occupant; and,

Fourth, that defendant was driving off of the roadway; and

Fifth, that defendant was thereby criminally negligent;

then you will find the defendant guilty of assault in the second degree.

. . .

As used in this instruction, the term "criminally negligent" means failure to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

. . .

The evidence was uncontested that defendant was operating the vehicle that was involved in the accident in which Charles Hirshey, a passenger, was injured. The injury occurred when the vehicle struck a tree. The evidence that defendant drove the vehicle off the roadway and struck a tree head on was derived from the physical evidence observed at the accident scene.

Trooper Frazier traced tire markings that led to defendant's vehicle where it rested against the tree. The road on which defendant was traveling was a 19–foot–wide paved roadway. Defendant was traveling on the roadway in a northerly direction. The road proceeded down a steep grade to the accident scene. Tire marks from the car showed the path it followed. The car was on the wrong side of the roadway at the location of a private roadway approximately 245 feet from where the car drove into the tree. It progressed down the grade going off the paved portion of the roadway on the wrong

side, the west side, then got back on the paved part of the road, still on the west side of the road, crossed to the east side of the paved road then drove off the east side of the pavement into a wooded area. The car drove into a tree located nine feet eight inches from the side of the pavement. Trooper Frazier testified, "[T]he front of the car had been pushed in at least two feet upon impact with the tree." Additionally, the jury had been told by Trooper Frazier that, in his opinion, the damage the vehicle sustained indicated it had been traveling in excess of the 35–mile–per–hour speed limit.

The jury concluded, based on the instructions it received, that defendant was criminally negligent in operating the vehicle in which Mr. Hirshey was injured; that defendant was guilty of assault in the second degree as provided by § 565.060.1(4).

Defendant's argument is similar to that in *State v. Clark*, 110 S.W.3d 396 (Mo.App. 2003); that the evidence upon which the state relied was not credible; that it was insufficient to prove the offense of assault in the second degree. As noted in *Clark*, "The appellate court's role neither includes weighing the evidence nor determining the credibility of witnesses." *Id.* at 401. The question of whether defendant drove his car into a tree off the traveled roadway and whether, in so doing, he was criminally negligent was one of fact for the jury. The record contained sufficient evidence from which the jury could conclude defendant drove his vehicle, while in an intoxicated condition, erratically, at an excessive speed, off the paved portion of the roadway on one side then back across the road off the paved portion on the other side into a tree.[4] Mr. Hirshey sustained physical

---

4. In *State v. Moore*, 128 S.W.3d 115, 119 (Mo.App.2003), the court found traveling at an excessive speed and driving erratically at the time of an accident sufficed to show criminally negligent conduct.

injury when the car struck the tree. This evidence was sufficient for the jury to find, beyond a reasonable doubt, that defendant committed the offense of assault in the second degree pursuant to § 565.060.1(4).

Defendant's point is denied. The judgment of conviction is affirmed.

RAHMEYER, C.J., and BATES, J., concur.