**STATE of Missouri, Respondent,**

v.

**Sherron WILSON, Appellant.**

**No. WD 64074.**

Missouri Court of Appeals,
Western District.

Aug. 23, 2005.

Irene C. Karns, Columbia, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

Before: EDWIN H. SMITH, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, J.

Sherron Wilson appeals from his convictions for violence to an offender housed in a department correctional center, section 217.385, RSMo 2000, and second degree assault, section 565.060, RSMo 2000, and concurrent sentences of ten and seven years imprisonment. He claims that the

trial court abused its discretion in *sua sponte* dismissing a venireperson, who was deaf, based on the court's inability to accommodate the venireperson's disability. The judgment of convictions is affirmed.

Mr. Wilson was an inmate at the Fulton Reception and Diagnostic Center when he was charged with violence to an offender housed in a department correctional center and second degree assault for assaulting Robert Anderson, another inmate, by hitting him repeatedly with a piece of concrete and by striking him in the head with his fist. As a result of the assault, the victim suffered numerous abrasions, lacerations, and avulsions of the soft tissue area of his face and scalp, and a first-degree burn on the left side of his neck. At the trial in November 2003, during voir dire, the trial court *sua sponte* struck a venireman on the ground that Mr. Wilson was entitled to a fair and impartial panel capable of hearing all the evidence and the court could not accommodate the venireman's hearing disability by providing an interpreter that day for a trial. Mr. Wilson was ultimately convicted of the charged crimes and sentenced, and this appeal followed.

In his sole point on appeal, Mr. Wilson claims that the trial court abused its discretion in *sua sponte* dismissing the deaf venireman based on the court's inability to accommodate the venireperson's disability. Mr. Wilson contends that the trial court's action violated his right to a jury selected without discrimination as guaranteed by the Equal Protection Clauses of the United States and Missouri Constitutions. He also contends that the trial court's action violated the venireperson's entitlement to equal protection.

■■■ The Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution provide that an ac- cused is entitled to a fair and impartial jury. *Edgar v. State*, 145 S.W.3d 458, 462 (Mo.App. W.D.2004). Additionally, the Equal Protection Clause of the Fourteenth Amendment prohibits a state from discriminating against prospective jurors on the basis of race or gender at any stage of the jury selection. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 130–31, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although Mr. Wilson claims that the trial court's action in dismissing the deaf venireman violated his and the venireman's equal protection rights, this case is decided on statutory grounds.

■■■ Within constitutional limits, a state may regulate the qualification of jurors. *Strauder v. West Virginia*, 100 U.S. 303, 309–10, 25 L.Ed. 664 (1879). Indeed, Missouri statutes regarding juror qualifications and accommodations in court proceedings for hearing impaired persons provide greater protection regarding the jury selection process than the federal and state constitutions. A defendant is entitled to a full panel of qualified jurors before he makes his peremptory challenges. *State v. Stewart*, 859 S.W.2d 913, 916 (Mo. App. E.D.1993). A trial court has broad discretion in determining the qualifications of potential jurors and, specifically, whether a deaf person can provide reasonable jury service. *State v. O'Neal*, 718 S.W.2d 498, 502 (Mo. banc 1986), *cert. denied*, 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987); *State v. Clark*, 110 S.W.3d 396, 402–03 (Mo.App. W.D.2003). The trial court is in a better position to determine the qualifications of prospective jurors, and doubts as to the trial court's findings will, therefore, be resolved in its favor. *Clark*, 110 S.W.3d at 403; *Allen v. Grebe*, 950 S.W.2d 563, 566 (Mo.App. S.D.1997). Thus, a trial court's ruling on a challenge

for cause will not be disturbed on appeal unless it constitutes a clear abuse of discretion and a real probability of injury to the complaining party. *State v. Feltrop*, 803 S.W.2d 1, 7 (Mo. banc), *cert. denied*, 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991); *O'Neal*, 718 S.W.2d at 502; *Clark*, 110 S.W.3d at 403.

Section 494.425, RSMo 2000, lists individuals disqualified from jury service. Subsections 5 and 9 disqualify the following persons from serving as a petit or grand juror:

> (5) Any person unable to read, speak and understand the English language;
>
> . . . .
>
> (9) Any person who, in the judgment of the court or the board of jury commissioners, is incapable of performing the duties of a juror because of mental or physical illness or infirmity.

§ 494.425(5) & (9), RSMo 2000.[1] The language of these subsections suggests that a substantial hearing impairment could result in a juror being ineligible to participate on a petit or grand jury. *State v. Bost*, 820 S.W.2d 516, 517–18 (Mo.App. W.D.1991).

In this case, before the beginning of voir dire, the trial court noted that one of the veniremen was deaf and that a sign language interpreter had been contacted to assist in voir dire. The prosecutor moved to strike the deaf venireman arguing that the presence of an interpreter during deliberations would constitute a thirteenth juror and that a deaf person's socialization is such that "[t]heir common understandings are not the same as other jurors." The trial court overruled the prosecutor's motion to strike.

Two sign language interpreters appeared to work voir dire. Both interpreters testified under oath regarding their qualifications as interpreters. The interpreters explained to the court that ideally, two interpreters were needed for the proceeding because of the length of the proceeding and the intensity of the questioning. They also informed the court that only one interpreter would be available for that afternoon and that because she would not have a second interpreter to support her, she would not be able to interpret for more than an hour by herself. One interpreter further explained that she knew the venireman was the Assistant Superintendent of the Missouri School for the Deaf, that he spoke intelligibly, that he was more than adequately adept in one-on-one conversations, but that he would require an interpreter for full understanding in a situation such as a trial. The trial court, however, *sua sponte* struck the venireman for the sole reason that the defendant was entitled to a fair and impartial panel capable of hearing all the evidence and the court could not accommodate the venireman's disability by providing a second interpreter that afternoon for a trial.

Section 476.753, RSMo 2000, governs interpreters or aids for deaf persons in court

---

1. The subsections were revised in 2004 and now provide:

> (5) Any person unable to read, speak and understand the English language, unless such person's inability is due to a vision or hearing impairment which can be adequately compensated for through the use of auxiliary aids or services;
>
> . . . .
>
> (8) Any person who, in the judgment of the court, is incapable of performing the duties of a juror because of mental or physical illness or infirmity. The juror or the juror's personal representative, may provide the court with documentation from a physician licensed to practice medicine verifying that a mental or physical condition renders the person unfit for jury service for a period of up to twenty-four months.

§ 494.425(5) & (8), RSMo Cum.Supp.2004.

proceedings. It directs that the court or county must provide an interpreter for a deaf juror. § 476.753.1(1), RSMo 2000. Specifically, the statute provides in pertinent part:

1. A designated responsible authority shall provide, based on a deaf person's expressed needs, auxiliary aids and services to interpret the proceedings to a deaf person and, if a deaf person gives testimony or other communication, to interpret the deaf person's testimony or other communication when:

(1) A deaf person is a party, juror or witness at any stage of any judicial or quasi-judicial proceeding in this state or in its political subdivisions, including, but not limited to, any civil proceeding, criminal proceeding or administrative hearing. . . .

*Id.* Section 476.756, RSMo 2000, provides the process by which the court or county appoints an interpreter:

No qualified interpreter shall be appointed or auxiliary aids and services provided, pursuant to section 476.753, unless the designated responsible authority and the deaf person make a preliminary determination that the qualified interpreter or auxiliary aids and services are able to interpret effectively, accurately and impartially the statement of the deaf person and interpret the proceedings effectively, accurately and impartially to the deaf person.

The trial court has considerable discretion in determining whether an interpreter is needed and in selecting the interpreter. *State v. Givens,* 719 S.W.2d 25, 27 (Mo. App. W.D.1986); *Kley v. Abell,* 483 S.W.2d 625, 628–29 (Mo.App.1972).

■ Nothing in the record indicates that the venireman was unable to read, speak, and understand the English language; only that his inability to hear prevented him from understanding the spoken word in a situation like a trial without an interpreter. The trial court did not find that the venireman was unqualified to serve as a juror because of his deafness. Instead, the court apparently determined that the venireman was qualified to serve as a juror with the aid of an interpreter and that the interpreters were qualified to interpret the proceeding for him. Such finding was not an abuse of the trial court's discretion. *See, e.g., State v. O'Neal,* 718 S.W.2d 498, 502 (Mo. banc 1986)(trial court did not abuse its discretion in refusing to strike a venireperson with a hearing problem where trial court questioned venireperson and was satisfied that the hearing problem would not interfere with venireperson's ability to sit as a juror); *Allen v. Grebe,* 950 S.W.2d 563, 566 (Mo.App. S.D.1997)(trial court did not abuse its discretion in refusing to strike venireman with hearing problem where record revealed that venireman did not appear to have trouble understanding questions posed to him and that courtroom was equipped with an amplification system for the witnesses).

■ Upon such finding, the question presents whether section 476.753 mandates that the trial court provide the venireman with an interpreter. Section 476.753.1(1), RSMo 2000, states that it applies if the deaf person is a "party, *juror* or witness at *any stage* of a judicial or quasi-judicial proceeding." (emphasis added). Because a venireman is a potential juror and not yet a juror, the question is whether the section applies to venirepersons. Custom and logic support that it does. Indication is that this statute was intended by the legislature to be comprehensive and inclusive. Section 476.753, RSMo 2000, along with related statutory provisions, was "designed to provide compliance with the requirements of the Americans With Disabilities Act."

Missouri Bench Book—Civil § 95.11 (2002). Missouri has a "broad statutory scheme" designed to insure "that interpreters will be available to assist deaf persons in virtually every judicial or administrative setting where such a person may be a witness, a party, or an accused." 22A, William A. Schroeder, Missouri Practice, Missouri Evidence § 604.1 (2nd ed.2000). The venire is a stage of a judicial proceeding; it is the earliest stage of a trial. It leads to the voir dire process, through which a jury is selected. *State v. Walton,* 899 S.W.2d 915, 919 (Mo.App. W.D.1995); *State v. Peters,* 582 S.W.2d 323, 325 (Mo. App. W.D.1979). Finally, logical analysis of section 476.753.1(1) is that the legislature intended to include venirepersons. All jurors are selected from the venire panel. Thus, one is always a venireperson before becoming a juror. If deaf individuals are excluded from the process at the venire stage because section 476.753.1(1) does not apply to them and they are not afforded adequate auxiliary aids or services, they will never become jurors and will not be provided the protections of section 476.753.1(1) at the trial stage. In order for section 476.753.1(1) to have meaning at the trial stage so that hearing impaired citizens can participate in the justice system as the legislature intended, it must also protect deaf individuals at the venire stage of the proceeding. Section 476.753 applies to venires.

■ Upon learning that one of two interpreters would not be available later that afternoon, the trial court summarily struck the venireman because it could not accommodate his disability for a portion of that day. Once the trial court determined that the deaf venireman was qualified to serve as a juror with the aid of an interpreter, however, section 476.753 did not give the trial court any discretion regarding accommodating the venireman.

Rather, it compelled the trial court, the designated responsible authority here, to provide an interpreter. Because the trial court failed to accommodate the venireman after making a preliminary determination that the venireman was qualified to serve as a juror, it violated its duty under section 476.753.

■ Reversal of the convictions and granting a new trial are not necessary in this case, however. The record demonstrates that the deaf venireman was juror No. 27. The record further demonstrates that other than the prosecutor's initial unsuccessful attempt to strike the deaf venireman, no challenges for cause were proposed by either the State or the defense, and no alternate jurors were chosen. Section 494.480.2(2), RSMo 2000, provided six peremptory challenges for the State and six for the defendant. The fully qualified venire panel from which each party exercised six peremptory strikes and, thus, from which the jury was selected, consisted of venirepersons numbers 1 through 24. Even had the court accommodated the deaf venireman as section 476.753.1(1) required, juror No. 27 could not have been selected to serve as a juror in this case because he would not have been among the venirepersons from which the jury was ultimately selected. Thus, the trial court's failure to comply with section 476.753 does not require a new trial. The judgment of convictions is, therefore, affirmed.

SMITH, C.J. and LOWENSTEIN, J. concur.